No. 338

BIGGS v. KIRKBRIDE et al

Ohio Appeals, 9th Dist., Lorain County

No. 281. April 18, 1924

1271. WILLS—Words "to be equally divided among them of their heirs" held words of limitation—Gift to a class defined—Where there is nothing in will to indicate that testator intended to make a gift to a class, devisees will take individually—Will construed in favor of heirs of brother of deceased.

PARDEE, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action to construe a will. Margaret Kirkbride died in 1919. She made her will in 1890. She left surviving her one brother, David Kirkbride, who died testate in 1920, Maria Biggs, still living, and Elizabeth Kirkbride, who died in 1921. Isaac, Mary and Anne Kirkbride, brothers and sisters of said testatrix, died previous to her death, unmarried and without issue. Her brother, John Kirkbride, and his son, both died previous to the death of the testatrix, the nephew of said testatrix leaving the following heirs: Clara, Hugh, Rose, Frances, John, Donald and James.

One of the provisions of the will provided that all the real and personal property of the testatrix was to go to her brothers, David and Isaac, and to her sisters, Mary, Elizabeth, Anne and Maria, "to be equally divided between them or their heirs, share and share alike." It was the contention of Maria Biggs that she and her brother, David, were entitled under the terms of the will, to the entire estate and that the grandnephews and grandnieces of the said testatrix, the children of the nephew of the deceased (the son of her brother), were not entitled to participate. In holding that the heirs of the nephew were entitled to participate in the property, the Court of Appeals held:

## STATE COURT OF APPEALS—Continued

1. The words "to be equally divided between them or their heirs, share and share alike" are words of limitation and not words of purchase.

2. A gift to a class is a gift of an aggregate sum to a body of persons, uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportions, the share of each being dependent for its amount upon the ultimate number.

3. As there was nothing in the will which indicated that the testatrix intended that the survivors should take as a class or in any other way than as individuals, the devise was to certain persons, designated by name and the share that each was to take was fixed.

4. The heirs of the brother of the deceased were entitled to participate under the terms of said will.

Attorneys—Frank A. Stetson, for Biggs; D. J. Nye and H. H. Nye, for Kirkbride et al; all of Elyria.